**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ELMER A. KISNER, JR.,**

       **Petitioner,**

**v.**                                                              **Civil Action No. 3:08cv138**
                                                                          **(Judge Bailey)**

**WILLIAM FOX, Warden,**

       **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On September 3, 2008, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Dckt. 1. The petitioner paid the required $5.00 filing fee on October 9, 2008.

On October 14, 2008, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate at that time. Dckt. 16. Thus, the respondent was directed to show cause why the petition should not be granted. *Id.*

On December 15, 2008, the respondent filed a Motion to Dismiss Petition as Untimely Filed. Dckt. 21. Because the petitioner is proceeding *pro se*, a Roseboro Notice issued the next day. Dckt. 23.

On January 14, 2009, the petitioner filed a response to the respondent's motion in which he argues that the respondent's timeliness argument is procedurally incorrect, he is entitled to equitable tolling and the state created an impediment to the timely filing of his federal habeas petition. Dckt. 26. The respondent filed a reply on January 23, 2009. Dckt. 27.

This case is before the undersigned for a report and recommendation pursuant to LR PL P § 83.13, et seq.

# I. Procedural History

## A. Petitioners' Conviction and Sentence

The petitioner pleaded guilty to a one count information in the Circuit Court of Randolph County, West Virginia, on July 23, 2003. Resp't Ex. 1. The information charged the petitioner with one count of Sexual Abuse by a Parent Guardian or Custodian in violation of W.Va. Code § 61-8D-5(a). *Id.* Pursuant to the plea agreement, the petitioner was convicted of the charge contained in the information on August 14, 2003. Resp't Ex. 2. By Order entered October 15, 2003, the circuit court sentenced the petitioner to 10-20 years in the state penitentiary. Resp't Ex. 3.

## B. The Petitioner's Direct Appeal

The petitioner did not file a direct appeal of his conviction and sentence.

## C. The Petitioner's State Habeas Proceedings

The petitioner filed a state habeas petition on January 18, 2005. Resp't Ex. 4. The petitioner's state habeas petition was denied on the merits following an omnibus evidentiary hearing in the Circuit Court of Randolph County. *Id.* The Order denying the petitioner's state habeas petition was entered on January 5, 2007. *Id.* The petitioner's appeal of that decision was refused by the West Virginia Supreme Court of Appeals on September 13, 2007. Resp't Ex. 5.

# II. Analysis

## A. One-Year Limitation Period

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d). Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review

or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir.2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Thus, absent any state court post conviction proceeding that would have tolled the federal limitation period,[1] the petitioner had one-year from the date his conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d).

In this case, the petition is clearly untimely. The petitioner was sentenced by order entered October 15, 2003. Because the petitioner did not file a direct appeal, his sentence became final when the time for seeking such review expired. Pursuant to Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure, a petition for appeal must be filed with the Clerk of the Circuit Court within four months of the entry of the circuit court order. Thus, in this case, the petitioner's sentence became final on February 15, 2004, and he had until February 14, 2005,[2] to timely file a federal habeas petition.

Nonetheless, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Harris v.

---

[1] 28 U.S.C. § 2244(d)(2).

[2] The year 2004 was a leap year.

3

Hutchinson, 209 F.3d at 327. Therefore, the petitioner's one-year limitation was tolled on January 18, 2005, when he filed his state habeas petition with the Circuit Court of Randolph County. At that time, 337 days of the one-year limitation had already expired.

The petitioner's state habeas petition was denied on January 5, 2007, and his appeal of that decision was refused on September 13, 2007. Thus, the petitioner's one-year limitation period began to run again on September 14, 2007 and ran for 28 days, or until October 12, 2007, when it expired.

The petitioner's argument that he had one-year from the date his state remedies were exhausted to file his federal habeas petition is unfounded and contrary to the express language of the statute. See 28 U.S.C. § 2244(d)(1)(A) (the one-year period of limitation runs from the date on which judgment became final by the conclusion of direct review). As noted by the respondent, state post-conviction proceedings do not constitute "direct review." See Respondent's Reply (dckt. 27) at 2. Therefore, state post-conviction proceedings do not delay the finality of judgment, they merely toll the running of the limitations period. *Id.*

**B. Equitable Tolling**

In his response to the respondent's motion to dismiss, the petitioner asserts that he is entitled to equitable tolling of the one-year limitation period because he did not have counsel after sentencing and was unaware of the one-year limitation. In addition, the petitioner argues that the state refused to allow him to withdraw his plea and that he was coerced into accepting the plea.

The AEDPA statute of limitations is subject to equitable modifications such as tolling. Harris v. Hutchinson, 209 F.3d at 328-29. However, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1)

4

extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

In this case, the petitioner argues lack of counsel and lack of knowledge about the law. However, there is nothing extraordinary about those circumstances which would have prevented the petitioner from timely filing his § 2254 petition. *Id.* (*pro se* status and ignorance of the law are not grounds for equitable tolling). In fact, these circumstances are likely common for all *pro se* habeas petitioners.

In addition, the petitioner argues that he was not permitted to withdraw his plea and that he was forced to accept the plea. Nevertheless, the petitioner does not explain how these incidents, even if true, prevented him from timely filing a federal habeas petition. Instead, these appear to be additional grounds for seeking § 2254 relief. Accordingly, the undersigned is of the opinion that the petitioner has failed to meet the requirements for equitable tolling.

C. **State Impediment to Petitioner's Ability to Timely File**

In his response to the respondent's response, the petitioner also argues that he was hindered from timely filing his federal habeas petition because he was denied discovery materials by the Circuit Court of Randolph County. Specifically, the petitioner asserts that he requested some of the paperwork and exhibits from his criminal case which might have produced additional evidence to help his case.

Where a state-created impediment prevents a petitioner from timely filing his § 2254 state habeas corpus petition, the one-year limitation period under AEDPA does not begin to run until the date on which the impediment was removed. See 28 U.S.C. § 2244 (d)(1)(B). However, the petitioner is not required to submit court records or exhibits with his § 2254 habeas petition. To the

5

contrary, that responsibility falls to the State. See Rule 5(d) of the Rules Governing Section 2254 Proceedings in the Federal Courts; see also Pliler v. Ford, 542 U.S. 225, 232 (2004) ("[P]etitioners are not required by 28 U.S.C. § 2254 or the Rules Governing § 2254 Cases to attach to their petitions, or to file separately, state-court records."). Neither are such documents required to pursue state post-conviction relief. See Rule 7(a) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia. Accordingly, the petitioner has failed to show that a State created impediment prevented him from timely filing a § 2254 petition.

### III. Recommendation

For the foregoing reasons, the undersigned finds that the respondent's Motion to Dismiss Petition as Untimely Filed (dckt. 21) be **GRANTED** and the petitioner's § 2254 habeas corpus petition (dckt. 1) be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: April 15, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE