# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ELMER A. KISNER, JR.,**

    Petitioner,

v.
                                               **CIVIL ACTION NO. 3:08-CV-138**
                                               **(BAILEY)**

**WILLIAM FOX, Warden,**

    Respondent.

## ORDER ADOPTING OPINION/REPORT AND RECOMMENDATION

### I.    Introduction

On this day, the above-styled matter came before the Court for consideration of the Opinion/Report and Recommendation of United States Magistrate Judge John S. Kaull. By Standing Order, this action was referred to Magistrate Judge Kaull for submission of a proposed report and a recommendation ("R & R"). Magistrate Judge Kaull filed his R & R on April 15, 2009 [Doc. 38]. In that filing, the magistrate judge recommended that this Court dismiss the petitioner's § 2254 habeas corpus petition.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within ten (10) days of filing of the same, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The petitioner timely filed his objections on April 29, 2009. Accordingly, this Court will review those portions of the R&R to which the petitioner objects *de novo*. The remaining portions will be reviewed for clear error.

## II.     Procedural History

The petitioner pleaded guilty to a one count information in the Circuit Court of Randolph County, West Virginia, on July 23, 2003. The information charged the petitioner with one count of Sexual Abuse by a Parent Guardian or Custodian in violation of W.Va. Code § 61-8D-5(a). Pursuant to the plea agreement, the petitioner was convicted of the charge contained in the information on August 14, 2003. By Order entered October 15, 2003, the circuit court sentenced the petitioner to 10-20 years in the state penitentiary. The petitioner did not file a direct appeal of his conviction and sentence.

The petitioner filed a state habeas petition on January 18, 2005. The petitioner's state habeas petition was denied on the merits following an omnibus evidentiary hearing in the Circuit Court of Randolph County. The Order denying the petitioner's state habeas petition was entered on January 5, 2007. The petitioner's appeal of that decision was refused by the West Virginia Supreme Court of Appeals on September 13, 2007.

### III. Applicable Law

#### A. One-Year Limitation Period

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d). Section 2244 (d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(2);
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); **Hill v. Braxton**, 277 F.3d 701 (4th Cir.2002); **Harris v. Hutchinson**, 209 F.3d 325 (4th Cir. 2000). Thus, absent any state court post-conviction proceeding that would have tolled the federal limitation period, the petitioner had one year

3

from the date his conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d).

### B. Equitable Tolling

The AEDPA statute of limitations is subject to equitable modifications such as tolling. **Harris v. Hutchinson**, 209 F.3d at 328-29. However, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" **United States v. Sosa**, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

### C. State Impediment to Petitioner's Ability to Timely File

Where a state-created impediment prevents a petitioner from timely filing his § 2254 state habeas corpus petition, the one-year limitation period under AEDPA does not begin to run until the date on which the impediment was removed. *See* 28 U.S.C. § 2244 (d)(1)(B). However, the petitioner is not required to submit court records or exhibits with his § 2254 habeas petition. To the contrary, that responsibility falls to the State. *See* Rule 5(d) of the Rules Governing Section 2254 Proceedings in the Federal Courts; *see also* **Pliler v. Ford**, 542 U.S. 225, 232 (2004) ("[P]etitioners are not required by 28 U.S.C. § 2254 or the Rules Governing § 2254 Cases to attach to their petitions, or to file separately, state-court records."). Neither are such documents required to pursue state post-conviction relief. *See* Rule 7(a) of the Rules Governing Post-Conviction Habeas Corpus Proceedings

4

in West Virginia.

## IV. **Petitioner's Objections**

In his objections [Doc. 41], the petitioner takes issue with the recommendation that the § 2254 petition should be dismissed because of its untimeliness. The petitioner states three specific objections, which this Court will address in turn.

1. The State hindered him from filing per the AEDPA act because the circuit court of Randolph County and the Supreme Court of Appeals failed to answer any of the pending motions or petitions in a timely manner, which caused the one year time period to expire.

This Court reiterates that, absent any state court post conviction proceeding that would have tolled the federal limitation period, the petitioner had one year from when the date of conviction and sentence became final to file a federal habeas petition. 28 U.S.C. § 2244(d).

In this case, the petitioner was sentenced by order entered October 15, 2003. Because the petitioner did not file a direct appeal, his sentence became final when the time for seeking such review expired. Pursuant to Rule 37(b)(3) of the West Virginia Rules of Criminal Procedure, a petition for appeal must be filed with the Clerk of the Circuit Court within four months of the entry of the circuit court order. Thus, in this case, the petitioner's sentence became final on February 15, 2004, and he had until February 14, 2005, to timely file a federal habeas petition.

Nonetheless, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28

5

U.S.C. §2244(d)(2); **Harris v. Hutchinson**, 209 F.3d at 327.  Therefore, the petitioner's one-year limitation was tolled on January 18, 2005, when he filed his state habeas petition with the Circuit Court of Randolph County.  At that time, 337 days of the one-year limitation had already expired.

The petitioner's state habeas petition was denied on January 5, 2007, and his appeal of that decision was refused on September 13, 2007.  Thus, the petitioner's one-year limitation period began to run again on September 14, 2007, and ran for 28 days, or until October 12, 2007, when it expired.

The petitioner's argument that he had one year from the date his state remedies were exhausted to file his federal habeas petition is unfounded and contrary to the express language of the statute.  See 28 U.S.C. § 2244(d)(1)(A) (the one-year period of limitation runs from the date on which judgment became final by the conclusion of direct review).  As noted by the respondent, state post-conviction proceedings do not constitute "direct review." See Respondent's Reply.  Therefore, state post-conviction proceedings do not delay the finality of judgment, they merely toll the running of the limitations period.  Accordingly, the objection is **OVERRULED**.

  2. Petitioner asserts that his Due Process and Equal Protection rights were violated.

This Court notes that this is not an objection to the R&R, but rather new allegations which this Court finds to be unfounded as they are without any factual or legal basis.  Accordingly, the same are **OVERRULED**.

3. Petitioner asserts that because he attempted to withdraw his plea, did not receive records and his alleged ineffective counsel, along with obscure allegations that this Court hindered him in some manner, all create a situation in which dismissal of his § 2254 petition would be a gross miscarriage of justice.

Again, this Court must reiterate that the statute of limitations has run. While this Court recognizes that the AEDPA statute of limitations is subject to equitable modifications such as tolling, **Harris v. Hutchinson**, 209 F.3d at 328-29, "[e]quitable tolling is available only in 'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.' Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" **United States v. Sosa**, 364 F.3d 507, 512 (4th Cir. 2004)(internal citations omitted).

The petitioner basically asserts that he is entitled to equitable tolling of the one-year limitation period because he did not have counsel after sentencing and was unaware of the one-year limitation. In addition, the petitioner argues that the state refused to allow him to withdraw his plea and that he was coerced into accepting the plea.

In this case, the petitioner argues lack of counsel and lack of knowledge about the law. However, there is nothing extraordinary about those circumstances which would have prevented the petitioner from timely filing his § 2254 petition. (*pro se* status and ignorance of the law are not grounds for equitable tolling). In fact, these circumstances are likely common for all *pro se* habeas petitioners.

In addition, the petitioner argues that he was not permitted to withdraw his plea and

7

that he was forced to accept the plea. Nevertheless, the petitioner does not explain how these incidents, even if true, prevented him from timely filing a federal habeas petition. Instead, these appear to be additional grounds for seeking § 2254 relief. Accordingly, this Court is of the opinion that the petitioner has failed to meet the requirements for equitable tolling. Therefore, the petitioner's third, and final, objection is also **OVERRULED**.

### V. Conclusion

Upon review of the above, it is the opinion of this Court that the magistrate judge's **Opinion/Report and Recommendation [Doc. 38]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. The petitioner's objections thereto **[Doc. 41]** are hereby **OVERRULED**. Accordingly, the respondent's Motion to Dismiss Petition as Untimely Filed **[Doc. 21]** is **GRANTED**. As such, this § 2254 petition **[Doc. 1]** is hereby **DENIED** and **DISMISSED with prejudice**, and it is further **ORDERED STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** April 30, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE